WINCH, J.
In this ease we hold that “the owner of the property” who must be notified of the filing with the county recorder of an affidavit in order to obtain a mechanic’s lien, as required by Sec. 8315 G-. C., is the person who was the owner to whom the materials were furnished or for whom the labor was done, and not a subsequent purchaser of the property who acquires title after the date of the first item of labor done or material furnished. Bockel, Mechanic’s Liens, Section 74; 20 Am. & Eng. Enc., 375; 27 Cyc., 113.
This is so because credit is extended on ownership of the lot by the person contracting for labor or material. Account is kept with him and it is his debt, no matter to whom the property may afterwards be conveyed. The contractor should not be required to keep track of changes in ownership after he has furnished material or labor that has increased the value of the property. It is for a purchaser of such property, from the appearance of things having notice that perhaps some work has been done on the premises within four months, to make inquiries and find out whether any lien may accrue against the property.
The affidavit, specified in Sec. 8314 G-. C., as the foundation for a mechanic’s lien, must be sworn to absolutely and not upon information and belief. This has reference to the form of jurat attached to the affidavit, and does not require that the person making it should have personal knowledge of all the facts contained in it, if he is satisfied of their truth and is willing to make oath thereto. In other words, an affidavit in which the affiant states that the facts stated by him are true, *841 “as lie verily believes,” is not sufficient, but if the affidavit is sworn to absolutely and the facts stated in it are true, it is immaterial whether the affiant had personal or hearsay knowledge of their truth. The suggestion that if is turn out on the hearing of a suit on the lien that the affiant was the proprietor of a business and got his facts which he swore to from his bookkeeper, the affidavit would not be sufficient, can not be entertained, for few could be able to make such affidavits and the statute would lose its efficacy. Such a theory would render invalid affidavits forming the basis of prosecutions for misdemeanors upon information, where the affidavit is made by a public officer upon information received from others upon which he has a right to rely, notwithstanding all the facts stated in such affidavits might be true. Neither business nor public affairs can be carried on upon any such theory of the law. The pains and penalties of the law are sufficient protection against false affidavits if their form is correct.
The credit of $200 was properly applied by plaintiff. There was no direction from the debtor as to what account it should be applied to. It seems that several accounts of the debtor upon the creditor’s books were balanced and a note given for the aggregate amount. There was no agreement that the note should be received in payment of these accounts. It was received as evidence of the several debts and as collateral security for their payment. Merrick v. Boury & Son, 4 Ohio St. 60. See opinion by Judge Thurman.
Being received as collateral security only, there was no agreement for extension of time on the account when the note was given, though it ran for 60 days and the payment was made before the sixty days was up. Credit was made on both the note and the account. The credit on the account still stood after the maturity of the note and the affidavit for lien was not made until long afterwards. It was not until after the maturity of the note that the debtor objected to the application of this . payment to the older debt.
There being no designation by the debtor at the time of payment of the application desired by him, and the creditor being *842 entitled to a lien for part, of his account and for part not, and attempting some time after the payment to apply the payment to those items for which he was not entitled to a lien and to secure a lien for the balance, he should be sustained by the court in application of the payments made. Union Nat. Bank v. Cleveland, 6 Circ. Dec. 536; (10 R. 222).
Such is the case here with reference to the $200 payment and the same rule is applied to the $400 payment, part of which was applied to the payment of accounts for which no lien was claimed, for we find as a fact, from the evidence that when said $400 payment was made the debtor did not ask that it be applied to the account for which the lien was afterward claimed, though he did later complain that it was not applied.
The foregoing observations decide all contentions regarding the mechanic’s lien set up in plaintiff’s petition in favor of said lien.
It remains to consider the claim of defendant Feinstein, purchaser of the property from the owner who subjected it to the mechanic’s lien, that the amount of this lien should be set off against the second mortgage which she gave said owner in part payment for the land which he conveyed to her with covenants of warranty and against incumbrances, though said mortgage was assigned to another of the defendants.
Her deed is not in evidence and so we do not know from the record that it contained such covenants, notwithstanding a previous contract for the sale of land is in evidence which contemplated the giving of such a deed.
Whether it is the settled law in Ohio that a mortgage in the hands of a bona fide assignee thereof, is subject to the same defenses by the mortgagor that he might have made against the mortgagee, as intimated in the cases of Bailey v. Smith, 14 Ohio St. 396, and Timmerman v. Howell, 1 Circ. Dec. 342 (2 R. 27), may well be doubted. See First Nat. Bank v. Brotherton, 78 Ohio St. 162 (84 N. E. 794).
But in any event, Mrs. Feinstein did not set up any such claim for damages in her pleadings nor did she have the same ■adjudicated by a jury, as such claims under the law must be *843 adjudicated, unless a jury is waived, and this court has no jurisdiction on appeal to try such issues of facts, for such issues, triable to a jury, are not appealable.
Mrs. Feinstein filed what she denominates an answer to the amended petition of plaintiff and to the various answers and cross petitions, in which all she says about Ulmer’s mortgage is that she admits that he is “the owner of a mortgage on the premises but denies the amount thereof and demands proof. ’ ’
This tenders no issue as to Konvisser’s breach of a covenant in his deed to her. It says nothing about there being any such covenant. For aught the pleadings show her deed from him may have been a quitclaim deed, entitling her to no relief by reason of the mechanic’s lien which he suffered to attach to the property. Her answer asked no affirmative relief and so required no answer from either Konvisser or Ulmer.
Only one condition that she pleaded a deed with covenants against incumbrances was she’entitled to have the amount of the lien set off against the amount due from her on the mortgage. Not having pleaded it, no relief on account of it could be granted her in the common pleas court, and much less can it be granted in this court which is without jurisdiction to entertain such a claim for damages either as a set-off or as a counterclaim.
For these reasons Ulmer’s mortgage will be marshalled in its order for its full amount.
There is no dispute as to the priority of the liens which are involved herein and decree may be taken marshalling them in their order and as indicated herein.
Meals and Grant, JJ., concur.